UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MATTHEW HARDEN, BILL COX, SHIV ) <br> SINGH, and JOHN DOE 3, ) <br> ) <br>    Defendants. ) <br> ) | Civil Case No. 1:12-cv-01748-SEB-MJD |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT
SHIV SINGH'S AMENDED COUNTERCLAIM [DKT 45]**

Plaintiff, Malibu Media, LLC, ("Plaintiff"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves for the entry of an Order dismissing Defendant Shiv Singh's ("Defendant") Counterclaim and submits the following memorandum in support:

**I.    INTRODUCTION**

Defendant's Counterclaim for abuse of process again fails to state a claim upon which relief may be granted and should be dismissed. Defendant's allegations in support of his counterclaim are baseless and do not support the elements of a claim for abuse of process. Every one of Plaintiff's actions in this case have been confined to their regular and legitimate functions and at no point has Plaintiff "used process for an end o*ther than that for which it was designed.*" *Conner v. Howe*, 344 F. Supp. 2d 1164, 1175 (S.D. Ind. 2004) (emphasis added).

Indeed, this Court found that there was "good cause" for Plaintiff to obtain Defendant's identity. [CM/ECF 8]. Plaintiff's Declaration of Tobias Feiser, attesting to the infringement, creates factual support for its action, and was attested to under oath. *See* [CM/ECF 4-1]. After

receiving Defendant's identity, Plaintiff proceeded to serve him with this lawsuit. Under such circumstances, the law makes clear that there is no abuse of process. Plaintiff is using the process of the underlying copyright infringement lawsuit against Defendant for its intended purpose; namely, to seek redress for the injury caused by Defendant's infringement of Plaintiff's copyright. For these reasons, as more fully explained below, Plaintiff respectfully requests the Court dismiss Defendant's Counterclaim for abuse of process.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "[t]he complaint must contain enough facts to state a claim for relief that is plausible on its face." *Citadel Group Ltd. v. Washington Reg'l Med. Ctr.*, 692 F.3d 580, 591 (7th Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). "[A]lthough the complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion. Accordingly, '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice.'" *Id.* "Detailed factual allegations are not required, but a plaintiff's complaint may not merely state 'an unadorned, the-defendant-unlawfully-harmed-me accusation.' A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Barker v. Life Ins. Co. of N. Am.*, 2009 WL 8359455 at *1 (S.D. Ind. 2009) (*quoting Ashcroft v. Iqbal,* 556 U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)).

### III. ARGUMENT

#### A. Defendant Failed to State a Claim for Abuse of Process

"Under Indiana law, in order to prevail [on a claim for abuse of process], the plaintiff must have some *evidence* tending to show that the defendant *used process for an end other than that for which it was designed.*" *Conner v. Howe*, 344 F. Supp. 2d 1164, 1175 (S.D. Ind. 2004) (emphasis added). "In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case." *Panwar v. Access Therapies, Inc.*, 2013 WL 320673 at *2 (S.D. Ind. 2013). "[A] bald allegation that the [] suit was 'commenced and prosecuted' for an ulterior purpose cannot, without more, satisfy the independent act requisite of an abuse of process action." *R.J.R. Services, Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989). "[T]he plaintiff 'must allege with some specificity an act in the course of process which itself evidences the ulterior purpose, and such an act may not be inferred from an improper motive.'" *Id.*

Here, as explained below, Plaintiff has no ulterior purpose for suing Defendant. The only purpose Plaintiff has for bringing the action against Defendant is to seek redress for Defendant's infringement of Plaintiff's copyrights. And, Defendant has pointed to no "act in the course of process which itself evidences the ulterior purpose" or misuse of process that is improper in the normal prosecution of a case. To the contrary, each of the legal processes Plaintiff used in its dispute with Defendant has been used for the intended purpose for which said process exists. Under these facts, an abuse of process claim fails.

#### 1. Summary of Defendant's Abuse of Process Allegations

Paragraphs 1-17 of Defendant's Amended Affirmative Defenses form the basis for Defendant's abuse of process counterclaim. Specifically, Defendant alleges that because

Plaintiff's investigator is able to detect infringement of newly released works as soon as the works become unlawfully available on the BitTorrent network, "[a] reasonable inference is either that Plaintiff failed to take any steps to protect its property interest and discourage infringement, or that Plaintiff allowed and even encouraged infringement to occur by making its movies immediately available to be freely accessed and shared." Amended Affirmative Defenses ¶ 5. Defendant also claims that: (1) "Plaintiff elected not to serve takedown notices that would have resulted in the removal of its movies from the torrent sites." *Id.* at ¶ 9; (2) "[A]gents or representatives of Plaintiff located in other jurisdictions have had their personal IP addresses linked to the practice of seeding Plaintiff's copyrighted movies[.]" *Id.* at ¶ 14; and (3) Plaintiff "bait[s] the Internet with its copyrighted material and then [] search[es] out potential targets for copyright infringement litigation . . . even if they are innocent." *Id.* at ¶ 15. In light of the foregoing, Defendant's basic position is that this suit was brought for improper purposes to further a "scheme for netting individual defendants" and that therefore "the process that flows from that scheme is tainted." Amended Counterclaim, at ¶ 2.

### 2. Defendant's Allegations Are Mere Conclusions That Cannot Withstand a Motion to Dismiss

Defendant's counterclaim rests upon groundless speculation with no "*factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds*, 694 F.3d at 885 (7th Cir. 2012) (emphasis added). Specifically, the information contained in paragraphs 1-17 of Defendant's Amended Affirmative Defenses is unsupported and false. Defendant has not provided facts to "nudge[] [his] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). For example, Defendant's speculation as to how Plaintiff's investigator is able to identify infringement immediately after publication of Plaintiff's works, is not supported by any

factual content. The simple truth is that IPP, Limited, Plaintiff's investigator, is regularly updated with the titles of Plaintiff's new releases so that it may begin to detect infringement immediately. Defendant's assertion that Plaintiff does not send DMCA takedown notices is also unsupported and false. Plaintiff sends literally thousands of DMCA takedown notices a week and a search of publicly available information, such as Google's Transparency Report (google.com/transparencyreport), evidences as much. Further, the Copyright Act does not require Plaintiff to send a DMCA notice or otherwise notify an infringer prior to filing suit for copyright infringement. Defendant also has no support for his incorrect conclusion that Plaintiff and/or its agents seed Plaintiff's works on BitTorrent in an attempt to bait Internet users.

### 3. Defendant Failed to Plead Abuse of Process

"The starting point for analysis of an abuse of process claim is to determine whether the defendant (in this case, the counter-defendant) employed an improper process, not the defendant's motivation in employing that process. A party's intent is irrelevant where his acts are procedurally and substantively proper under the circumstances." *Panwar v. Access Therapies, Inc.*, 2013 WL 320673 at *2 (S.D. Ind. 2013) (citation omitted). "Put another way, a party may not be held liable for abuse of process if the 'legal process has been used to accomplish an outcome which the process was designed to accomplish,' even though done with bad intentions." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, 2012 WL 4050301 (N.D. Ind. 2012) (internal citations omitted). *See also Restatement 2d Torts § 682*, comment b (1977).

Here, all of Plaintiff's actions have been confined to their regular and legitimate functions in relation to the cause of action stated in the Complaint. Accordingly, Plaintiff's actions are "procedurally and substantively proper" and Defendant has no claim for abuse of process. *Panwar*, *supra.* To explain, Plaintiff obtained Defendant's identity, who was Doe 4, in response

to a lawfully issued subpoena. Plaintiff received leave to issue the subpoena because Plaintiff pled a prima facie case of copyright infringement supported by a declaration from its investigator demonstrating that the subscriber's IP address committed the infringement. Additionally, Plaintiff had no other way to obtain the infringer's identity. Thereafter, Plaintiff served Defendant. None of these actions are irregular or illegitimate. Even if Plaintiff's Complaint wasn't supported by adequate facts (which it was based on its declaration and the plausibility pleading standard), "mere negligence in asserting a claim is not sufficient to subject an attorney to liability for bringing a suit." *Yater v. Coy*, 681 N.E.2d 232, 234 (Ind. Ct. App. 1997).

Plaintiff provided sworn testimony that Defendant's internet was used to commit the subject infringement. *See* Declaration of Tobias Feiser [CM/ECF 4-1]. Plaintiff's claims against Defendant are plausible within the meaning of *Twombly* and *Iqbal* and no court has ever dismissed one of Plaintiff's lawsuits pursuant to a 12(b)(6) motion. Indeed, every court that has addressed the issue to date has found that Plaintiff's complaints state plausible infringement claims. Further, Plaintiff recently won the first ever BitTorrent copyright infringement case to reach trial wherein the Honorable Judge Baylson of the Eastern District of Pennsylvania noted that "[t]he evidence that Malibu presented at trial was persuasive as to the fact that it had suffered real damages as a result of illegal downloading of its movies through BitTorrent" and that "Malibu had expended considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants . . . was valid." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa. June 18, 2013). The exact same methods and technology that were employed by Plaintiff in the Bellwether trial were employed in this case as well.

Despite Defendant's baseless *ad hominem* attacks which attempt to impugn Plaintiff's motivation for filing suit, Plaintiff's only purpose in bringing suit against Defendant is to curb and prevent the damages suffered "as a result of illegal downloading of its movies through BitTorrent." *Id.* The infringements of Plaintiff's works in this case occurred over two months and Plaintiff's investigators have identified Defendant downloading other content through the BitTorrent protocol that would lead a reasonable person to believe that it was in fact Defendant using BitTorrent to download Plaintiff's works.

Further, Plaintiff's settlement offers are legal and proper. Defendant mischaracterizes Plaintiff's purpose for engaging in settlement activities, suggesting that simply the fact that a Defendant named in litigation may be offered a settlement is an attempt at extortion. Prior to actually proceeding against defendants, it is proper to contact them to discuss settlement options. The only difference between this case and the countless others filed every day by other plaintiffs in a broad array of civil litigation is that the Plaintiff does not have the ability to identify the defendant before the suit is filed. "The fact that [plaintiffs] may settle these suits quickly . . . does not indicate any wrongdoing. Settlement of civil disputes is generally a positive outcome, not a negative one." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *5 (C.D. Ill. 2012).

The Supreme Court has stated that public policy favors resolutions through settlement. "Rule 68's policy of encouraging settlements is neutral, favoring neither plaintiffs nor defendants; it expresses a clear policy of favoring settlement of all lawsuits." *Marek v. Chesny* 473 U.S. 1, 11 (1985). Further, Plaintiff has a First Amendment right under the petition clause to make the demand. *See Sosa v. DirectTV*, 437 F. 3d 923, 937 (9th Cir. 2006) (holding "the

protections of the Petition Clause extend to settlement demands as a class," including those made during and prior to a suit.)

For all the foregoing reasons, Defendant's count for abuse of process should be dismissed.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully moves for the entry of an order dismissing Defendant's Counterclaim in its entirety.

Dated: July 17, 2013

Respectfully submitted,

NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ *Paul J. Nicoletti*

**SERVICE LIST**

| | |
|---|---|
| John Michael Bradshaw, Esq.<br>Overhauser Law Offices, LLC<br>740 W. Green Meadows Drive, Suite 300<br>Greenfield, IN 46140<br>jbradshaw@overhauser.com<br>*Attorneys for Defendant Bill Cox* | *CM/ECF* |
| Tony H. Abbott, Esq.<br>Foley & Abbott<br>342 Massachusetts Avenue, Suite 301<br>Indianapolis, IN 46204<br>tabbott@foleyandabbott.com<br>*Attorneys for Defendant Shiv Singh* | *CM/ECF* |
| Matthew Harden<br>303 N. Tyrone Dr.<br>Muncie, IN 47304<br>*Pro se* | *U.S. Mail* |