IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CAUSE NO. 1:12-CV-01748-SEB-MJD |
| MATTHEW HARDEN, BILL COX, | ) |
| SHIV SINGH, and JOHN DOE 3, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT SHIV SINGH'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS AMENDED COUNTERCLAIM [DKT 46]

Comes now Defendant, Shiv Singh, by counsel, and submits his Response in Opposition to Plaintiff's Motion to Dismiss Amended Counterclaim.

**Motion to Dismiss Standard**

To prevail on a motion to dismiss, the movant must demonstrate that the claim, as set forth in the pleading, is without legal consequence. *Gomez v. Illinois State Bd. Of Education,* 811 F.2d 1030, 1039 (7th Cir. 1987). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the pleader, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Financial Corp. v. GN Holdings, Inc.,* 67 F.3d 605, 608 (7th Cir. 1995). Under Federal Rules of Civil Procedure 8(a), the pleader need only set out in the pleading a short and plain statement of the claim that will provide the adverse party with fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The claim must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. A claim has

facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the adverse party is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

## Abuse of Process Claim

A claim for abuse of process has two essential elements: 1) an ulterior purpose, and 2) a willful act in the use of the process not proper in the regular conduct of the proceedings. *Watson v. Auto Advisors, Inc.,* 882 N.E.2d 1017, 1029 (Ind. App. 2005).

> "Abuse of process is the use of the litigation process for an improper purpose, whether or not the claim is colorable. 'The gist of the abuse of process tort is said to be misuse of legal process primarily to accomplish a purpose for which it was not designed, usually to compel the victim to yield on some matter not involved in the suit.' . . . Abuse of process is a prime example of litigating in bad faith." *Nightingale Home Healthcare, Inc., v. Anodyne Therapy, LLC,* 626 F.3d 958, 963 (7th Cir. 2010).

As the U.S. Supreme Court noted in a case reviewing a claim brought under 42 U.S.C. § 1983 by an Indiana inmate, "[t]he gravamen of [abuse of process] is not the wrongfulness of the prosecution, but some extortionate perversion of lawfully initiated process to illegitimate ends." *Gray v. City of Hammond, Indiana,* 693 F. Supp. 2d 823, 844 (N.D. Ind. 2010), citing *Heck v. Humphrey,* 512 U.S. 477, 486 n. 5, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Abuse of process requires a finding of misuse or misapplication of process to accomplish an end other than that for which it was designed. *National City Bank, Ind. V. Shortridge,* 689 N.E.2d 1248, 1252 (Ind. 1997), opin. supp. 691 N.E.2d 1210 (Ind. 1998). A party may not be liable for abuse of process where legal process has been used to accomplish an outcome which the process was designed to accomplish. *Reichhart v. City of New Haven,* 674 N.E.2d 27, 31 (Ind. App. 1996), trans. denied, 683 N.E.2d 593 (Ind. 1997).

**Misuse of Process by Plaintiff**

This case started as Malibu Media, LLC, Plaintiff, versus John Does 1 through 4, Defendants. Plaintiff's investigators had provided Plaintiff with IP addresses only, but no names. Plaintiff caused subpoenas to be issued to Internet providers (such as Comcast) in an effort to obtain the names of the persons to whom the IP addresses were registered. When the Internet providers complied with the subpoena, Plaintiff caused summonses to be issued to the persons to whom the IP addresses were registered, alleging that the registrants had violated federal copyright laws.

But, Plaintiff had no reason to believe that the registrants were personally liable for copyright infringement, particularly where other persons may have had access to the IP addresses. Identification of the person to whom an IP address is registered is not tantamount to identifying the person who may have engaged in copyright infringement. An IP address can be registered to a business with several employees, or a motel with several guests, or an apartment complex with several tenants, or a person in a residence with several occupants. Filing a law suit against the registrant of an IP address is, at best, a shot in the dark, and it does not meet the requirements of a reasonable investigation as required by Rule 11(b).

Plaintiff's purposes in causing the subpoenas to be issued to the Internet providers, and then in causing the summonses to be issued to the registrants, were twofold: 1) to pressure the registrants to identify other persons who may have had access to the IP addresses, in an effort to "smoke out" a potential infringer, and 2) to pressure the registrants and others to pay money in order to avoid being associated with scandalous litigation.

Legal process, and particularly a summons, is not designed as a tool to help a plaintiff identify the appropriate person to sue or to "narrow the field" of potential defendants. By the

time a summons is issued, a plaintiff should have a sound factual basis for alleging that the named defendant is personally liable for the alleged misconduct. In this case, Plaintiff admittedly had no such basis for asserting that Defendant, Shiv Singh, infringed a copyright; rather, Plaintiff can **only** assert that Mr. Singh is the registrant of an IP address.

Plaintiff's ulterior motive for making this leap in logic can be inferred from other facts. Exhibit "B" to Plaintiff's Amended Complaint reveals that alleged infringement of Plaintiff's copyrighted materials occurred at the same time as, or, in some instances, even before, Plaintiff's copyrights were registered. How do Plaintiff's materials find their way to BitTorrent sites so quickly? The issuance of "takedown notices" by the Plaintiff to the BitTorrent sites that offer Plaintiff's movies for download, as provided under the Digital Millenium Copyright Act of 1998, will preclude the sort of infringement that Plaintiff has asserted against Defendant Singh and others. But, instead, Plaintiff has made a closet industry out of filing hundreds of law suits against individuals.

### A "Plausible" Claim for Abuse of Process Is Alleged

The two elements of an abuse of process claim are 1) an ulterior motive, and 2) misuse or misapplication of legal process to accomplish a purpose for which it was not intended. Reasonable inferences can be drawn from the facts alleged in Defendant Singh's Amended Counterclaim to support a plausible claim for abuse of process.

Paragraph No. 3 alleges that, after Plaintiff's investigator's purportedly tagged an IP address, "Malibu subpoenaed records from [Mr. Singh's] Internet provider in order to obtain Defendant Singh's name and address for the purpose of accusing him of copyright infringement of pornographic movies." The fact that the Court approved Plaintiff's request to issue the subpoena to the Internet provider does not exempt Plaintiff from abuse of process. As stated in

*Gray v. City of Hammond, Indiana, supra* at 844, the gravamen of an abuse of process claim is a "perversion of lawfully initiated process to illegitimate ends."  The Court did not direct Plaintiff to curtail its investigation upon receiving the results of the subpoena, or to immediately sue the registrant of the IP address for copyright infringement.  The subpoena may have been lawfully initiated, but, instead of using the information as only one step in its pre-suit investigation, Plaintiff misused legal process by immediately issuing a summons to the person whose was identified as the registrant of the IP address.

Paragraph No. 4 alleges that, "Malibu failed to conduct any investigation to determine whether Defendant Singh was personally responsible for any of the conduct alleged against him in the Amended Complaint."

Paragraph No. 5 alleges that, "Malibu caused process to be served on Singh without probable cause for alleging that he committed any violation of law."

From these alleged facts, one may reasonably infer that Plaintiff did not care whether or not Defendant Singh had infringed a copyright, but rather misused and perverted the legal process for the purpose of forcing him into helping Plaintiff identify others who could be added as defendants, and who could be pressured or humiliated into paying money to Plaintiff in order to avoid scandalous and embarrassing litigation.

## Summary

Plaintiff had an ulterior motive for using legal process to accomplish an end for which it was not designed.  Plaintiff sets up its copyrighted materials to be viewed by the public, monitors Internet activity, and then files suits for infringement, and it does not much care who it sues, so long as it can leverage an easy payoff in exchange for dismissing the suit.  Plaintiff should be held accountable for its conduct.

Respectfully submitted,

**FOLEY & ABBOTT, P.A.**


*/s/ Tony H. Abbott*
Tony H. Abbott, Attorney No. 2315-49
tabbott@foleyandabbott.com


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document will be served on the following electronically registered counsel via the Court's CM/ECF *Electronic Filing*, this 14th day of August, 2013.

Paul J. Nicoletti, Esq.
paul@nicoletti-associates.com

John M. Bradshaw, Esq.
jbradshaw@overhauser.com

and to the following *pro se* Defendant by First Class United States Mail, postage prepaid:

Matthew Harden
303 N. Tyrone Dr.
Muncie, IN  47304


*/s/ Tony H. Abbott*
Tony H. Abbott, Attorney No. 2315-49

Tony H. Abbott
FOLEY & ABBOTT, P.A.
300 Marott Center
342 Massachusetts Avenue
Indianapolis, Indiana 46204-2132
tabbott@foleyandabbott.com

h:\30408\Pleadings\Response to MTD 08.13.13

6