UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 1:12-cv-01748-SEB-MJD |
| ) | |
| v. ) | |
| ) | |
| MATTHEW HARDEN, BILL COX, SHIV ) | |
| SINGH, and JOHN DOE 3, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
DEFENDANT SHIV SINGH'S AMENDED COUNTERCLAIM**

**I.    INTRODUCTION**

Both Defendant's counterclaim and his Response to Plaintiff's Motion to Dismiss center around argument that an ISP subscriber may not be the alleged infringer and the false premise that Plaintiff conducted no investigation into the identity of the alleged infringer in this case. Defendant then makes the unwarranted conclusion that Plaintiff's purpose in subpoenaing Defendant's ISP to obtain his identity was intended solely to coerce settlements. Defendant urges the Court to make the same impermissible leap. Respectfully, this Court should ignore Defendant's invitation to infer a cause of action that has no factual support and which is not plausible within the *Twombly/Iqbal* pleading standard. Significantly, Plaintiff has at all times followed the Court's Order at CM/ECF 10 implementing procedural safeguards for Defendant's protection. Under such circumstances, there can be no claim for abuse of process. For the foregoing reasons as explained more fully below, and for the reasons stated in Plaintiff's Motion to Dismiss, this Court should grant the subject motion.

1

## II. DEFENDANT'S COUNTERCLAIM DOES NOT STATE A PLAUSIBLE CLAIM FOR RELIEF

For Defendant's counterclaim to survive Plaintiff's Motion to Dismiss, it must state a plausible claim for relief. To be plausible under Supreme Court precedent, Defendant must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Barker v. Life Ins. Co. of N. Am.*, 2009 WL 8359455 at *1 (S.D. Ind. 2009).

Defendant has pled no factual content to support either element of his counterclaim for abuse of process nor could he, as explained below. "In Indiana, the tort of abuse of process consists of two elements: (1) ulterior motive, and (2) use of process that would not be proper in the normal prosecution of the case." *Panwar v. Access Therapies, Inc.*, 2013 WL 320673 at *2 (S.D. Ind. 2013). That Defendant denies liability (by claiming amongst other things that an ISP subscriber does not necessarily equal an infringer) does not mean that Plaintiff's Complaint was filed with an ulterior motive or that Plaintiff has abused legal process. As explained in Plaintiff's Motion, every action taken by Plaintiff in this case to date was proper in that every action furthered the intent and purpose of first identifying the anonymous individual who used the Internet to infringe Plaintiff's copyrighted works, and thereafter to hold the infringer liable for his actions.

### A. Defendant Has Not Pled Factual Content That Allows the Court to Draw the Reasonable Inference That Plaintiff Acted With an Ulterior Motive

#### 1. Defendant's Ulterior Motive Argument is Baseless

Defendant attempts to argue that Plaintiff's purpose for filing suit and subpoenaing Defendant's ISP was not to seek redress for the infringement, but instead to coerce settlement

money from innocent persons. Defendant essentially asserts: (a) Plaintiff is suing to enforce copyrights covering adult sexual content; since some members of society are embarrassed by sex, Plaintiff must be suing to embarrass Defendant into settling (*see* Defendant's Response, at p. 5; Defendant's Counterclaim, CM/ECF 45, at ¶¶ 12, 15.); and (b) anyone who sues a peer-to-peer infringer based on an IP Address (which does not equal a person) is a bad person because they may be suing the wrong person (*see* Defendant's Response, at p. 3). The attacks are related insofar as the prejudices associated with sex are intended to heighten the concern associated with protecting innocent subscribers. However, "'[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice[,]" to save Defendant's counterclaim from Plaintiff's Motion to Dismiss. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012).

Argument (a) is: (1) intended to appeal to prejudices associated with sex, and (2) an obviously false syllogism. First, the Court should resist the temptation to rule based upon prejudices associated with the sexual content of the copyrighted works. Indeed, adult content is copyrightable and should not be treated any differently than other types of work. *See Mitchell Bros. Film Group v. Cinema Adult Theater*, 604 F. 2d 852 (5th Cir. 1979) (emphasizing that pornography is copyrightable and that owners of the copyrights covering pornographic works should be afforded the same rights under the Copyright Act as anyone else.) Second, the false syllogism in argument (a) ignores the possibility (and here the reality) that Plaintiff is suing to enforce its statutory rights and that any embarrassment is simply an unintended by-product. The argument also neglects the protections previously implemented by the Court for Defendant's benefit. *See* Section B, below.

Argument (b) was expressly rejected by Congress. Indeed, through the Digital Theft Deterrence and Copyright Damages Improvement Act of 1999 "Congress . . . amended the

3

Coipyright Act . . . to increase the minimum and maximum awards available under § 504." *Sony v. Tennenbaum,* 2011 WL 4133920 at * 11 (1st Cir. 2011).  At that time, Congress found on-line piracy resulted in "lost U.S. jobs, lost wages, lower tax revenue, and higher prices for honest purchasers."  *See* H.R. Rep. No. 106-216, at p. 3 (1999).  Further, as the former Register of Copyrights said, "for many people, the best form of education about copyright in the internet world is the threat of litigation."[1]  Accordingly, suing peer-to-peer infringers does not make someone a bad person. Instead, it furthers the interest of the Copyright Act and our country because it helps fight the problem of "lost U.S. jobs, lost wages, lower tax revenue, and higher prices for honest purchasers."  And, the only way to sue for peer-to-peer infringement is to sue the subscriber who is the most likely infringer.

### 2. Plaintiff Conducted Sufficient Factual Investigation

The facts and procedural history of this case demonstrate that Plaintiff's claims against Defendant were brought based upon the irrefutable fact that Defendant's IP address was used to infringe Plaintiff's copyrighted works.  Plaintiff's investigator attested to the infringement.  *See* Declaration of Tobias Fieser, at CM/ECF 4-1.  Here, Defendant infringed fifteen (15) of Plaintiff's works copyrighted works between August 7, 2012 and October 5, 2012.  *See* CM/ECF 16-2 at p. 2.  After winning the first ever BitTorrent copyright infringement lawsuit to reach trial, the Honorable Judge Baylson of the Eastern District of Pennsylvania expressly recognized that "Malibu . . . expend[s] considerable effort and expense to determine the IP addresses of the infringing parties, and the technology employed by its consultants . . . [is] valid." *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2013 WL 3038025 (E.D. Pa. June 18, 2013).

---

[1] *See* http://www.copyright.gov/docs/regstat090903.html

The same effort, expense, and valid technology used to determine liability against the infringing parties at trial in Pennsylvania was used here to detect Defendant Singh's infringement.

### 3. Plaintiff Has a Right to File Suit Against Infringers and There is No Alternate Method to Protect Its Copyrights

Plaintiff's only motive in filing suit against Defendant was to seek redress for Defendant's infringement of Plaintiff's copyrights. Without filing suit against anonymous infringers and thereafter obtaining their names and pursuing them in federal court, there is "no other method for a copyright holder to begin to protect its copyright when the BitTorrent protocol is the alleged method of infringement." *Malibu Media, LLC v. John Does 1-7*, 1:12-cv-01189-MMM-JAG [CM/ECF 13] (C.D. Ill. Feb. 11, 2013). Indeed, Plaintiff has a right to bring these types of lawsuits against those anonymous individuals who use BitTorrent to infringe its content. "[T]he very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803). The process used by Plaintiff is the only possible way that Plaintiff can protect its copyrights and "claim the protection of the laws."

### 4. Plaintiff Issues Thousands of DMCA Notices Each Week

With no factual support for his allegation, Defendant asks the Court to infer an ulterior motive by again arguing that Plaintiff does not issue DMCA takedown notices and that "issuance of 'takedown notices' by Plaintiff . . . will preclude the sort of infringement Plaintiff has asserted." Defendant's Response, at p. 4. In again asserting this frivolous argument, Defendant has chosen to remain willfully blind to Plaintiff's prior incontestable assertion that it sends literally thousands of DMCA takedown notices a week. As stated in Plaintiff's Motion, this fact can be easily verified by anyone with an internet connection by simply reviewing the Google

5

Transparency Report.[2] Continuing to press an argument which has no factual support and is easily disproved violates Defendant's duty under Fed. R. Civ. P. 11(b) to conduct a reasonable factual inquiry.

Ultimately, Defendant can point to no "act in the course of process which itself evidences the ulterior purpose." *R.J.R. Services, Inc. v. Aetna Cas. & Sur. Co.,* 895 F.2d 279, 285 (7th Cir. 1989). This is because Plaintiff has no ulterior purpose. And, as explained below, every act taken by Plaintiff in this case was proper and confined to its legitimate function. In light of the foregoing, Defendant has failed to plausibly allege the first element of a claim for abuse of process.

**B. Plaintiff Has Not Used a Legal Process For an End Other Than That For Which It Was Designed Because Plaintiff's Actions in This Suit Followed the Court's Mandated Procedures**

On January 23, 2013, this Court entered an Order implementing specific procedures to protect the Defendants in this case and Plaintiff has litigated this case in accordance with the prescribed procedures. Defendant attempts to argue that Plaintiff's subpoena was a misuse of legal process intended to "pressure [Defendant] to identify other persons who may have had access to the IP addresses, in an effort to 'smoke out' a potential infringer." Defendant's Response, at p. 3. In support Defendant argues "legal process, and particularly a summons, is not designed as a tool to help a plaintiff identify the appropriate person to sue[.]" *Id.*

To the contrary, the Court found that there was "good cause" for Plaintiff to use the legal process of issuing a third party subpoena to Defendant's ISP to identify the alleged infringer "for the purpose of protecting and enforcing Plaintiff's rights." CM/ECF 8. Accordingly, there was no abuse of process in requesting and obtaining the subpoena for Defendant's ISP. After being

---

[2] As of the date of this filing, Plaintiff Malibu Media, LLC has requested 137,287 total URLs be removed from Google with a median number of 1,708 removal requests per week. From http://www.google.com/transparencyreport/removals/copyright/owners/23688/Malibu-Media-LLC/

informed by Defendant's ISP that Defendant Shiv Singh was the individual who correlated to the subject infringing IP Address, Plaintiff filed an Amended Complaint and served Defendant in accordance with the Court's Order. CM/ECF 10, at ¶ 5. Because all of Plaintiff's actions complied with the Court's mandated procedures, there can be no claim for abuse use of process. Defendant's repeated assertion that Plaintiff did not have "probable cause" to proceed with the lawsuit is erroneous.

"[A] party may not be held liable for abuse of process if the 'legal process has been used to accomplish an outcome which the process was designed to accomplish[.]" *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, 2012 WL 4050301 (N.D. Ind. 2012). Plaintiff's subpoena was designed to identify the individual who correlated to the subject infringing IP Address so that Plaintiff could protect and enforce its copyrights. And, the subpoena accomplished just that. Plaintiff has not "used [a single] process for an end o*ther than that for which it was designed.*" *Conner v. Howe*, 344 F. Supp. 2d 1164, 1175 (S.D. Ind. 2004) (emphasis added). Defendant's counterclaim, which is devoid of the requisite factual allegations necessary to state a plausible claim and which cannot possibly succeed, should therefore be dismissed.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court grant the subject Motion to Dismiss.

Dated:  August 21, 2013

          Respectfully submitted,

          NICOLETTI & ASSOCIATES, PLLC

By: /s/ *Paul J. Nicoletti*
   Paul J. Nicoletti, Esq. (P44419)
   36880 Woodward Ave, Suite 100
   Bloomfield Hills, MI 48304
   Tel: (248) 203-7800
   Fax: (248) 203-7801
   E-Fax: (248) 928-7051
   Email: paul@nicoletti-associates.com
   *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

   I hereby certify that on August 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

          By: /s/ *Paul J. Nicoletti*

## SERVICE LIST

| | |
|---|---|
| John Michael Bradshaw, Esq.<br>Overhauser Law Offices, LLC<br>740 W. Green Meadows Drive, Suite 300<br>Greenfield, IN 46140<br>jbradshaw@overhauser.com<br>*Attorneys for Defendant Bill Cox* | CM/ECF |
| Tony H. Abbott, Esq.<br>Foley & Abbott<br>342 Massachusetts Avenue, Suite 301<br>Indianapolis, IN 46204<br>tabbott@foleyandabbott.com<br>*Attorneys for Defendant Shiv Singh* | CM/ECF |
| Matthew Harden<br>303 N. Tyrone Dr.<br>Muncie, IN 47304<br>*Pro se* | U.S. Mail |