UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW HARDEN, ) | No. 1:12-cv-01748-SEB-MJD |
| BILL COX, ) | |
| SHIV SINGH, ) | |
| JOHN DOE 3, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Malibu Media, LLC's Motion to Dismiss Defendant Shiv Singh's Amended Counterclaim [Dkt. 46]. For the reasons set forth below the Magistrate Judge recommends **GRANTING** the motion.

### I.   Background

Plaintiff filed its initial Complaint on November 29, 2012 against various unnamed defendants identified only by their Internet Protocol ("IP") address. Plaintiff alleges that these defendants infringed on Plaintiff's copyrighted works using a peer-to-peer file sharing service known as BitTorrent to download Plaintiff's copyrighted films. Plaintiff also filed a Motion for Leave to Serve Third Party Subpoenas [Dkt. 3] to internet service providers who provided the IP addresses in order to obtain the identity of the owner of the IP address. This Court granted Plaintiff's motion on January 16, 2013. [Dkt. 8.] On January 23, the Court issued an order that required Plaintiff, among other things, to file under seal a copy of the subpoena and the response

received, file under seal a copy of any and all correspondence between Plaintiff or Plaintiff's counsel and any putative defendants along with logs of any oral communications, and

> refrain from any communication with any putative Defendants without express leave of the Court until after the putative Defendants have been joined as parties in this matter. The sole exception to this prohibition is that counsel for Plaintiff may arrange to effect service of a Summons and the Complaint upon a putative Defendant once the Complaint has been amended to name such putative Defendant.

[Dkt. 10 at 2.] That Order also stated that "[w]ithin twenty-eight days of the identification through discovery or otherwise of any putative Defendant, Plaintiff shall file an Amended Complaint naming that Defendant and shall undertake immediate efforts to effect service of process upon that Defendant and file such proof of service with the Court." [*Id*. at 3.]

On January 30, 2013, Plaintiff filed under seal a copy of the subpoena to the ISP [Dkt. 11] as well as a log of pre-service communications [Dkt. 12]. On March 5, 2013 Plaintiff filed under seal the ISP's response to the subpoena. [Dkt. 14.] Thereafter, Plaintiff amended its Complaint to name, Shiv Singh, among other people, as a defendant. [Dkt. 16.]

Defendant Singh filed an Answer on May 5, 2013 and asserted affirmative defenses and a counterclaim for abuse of process. [Dkt. 32.] On June 12, 2013, Plaintiff filed a Motion for a More Definite Statement as to Singh's Affirmative Defenses [Dkt. 35] and a Motion to Dismiss Defendant Singh's Counterclaim [Dkt. 36]. On June 26, 2013, Singh filed an Amended Answer. [Dkt. 45.] Plaintiff then filed the instant Motion to Dismiss Singh's Amended Counterclaim under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on July 17, 2013. [Dkt. 46.]

## II.     Legal Standard

When deciding a Rule 12(b)(6) motion to dismiss, the court must take all factual allegations in the complaint as true and view all facts in the light most favorable to the non-moving party. *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Panwar v. Access Therapies, Inc.*, No.

1:12-cv-00619-TWP-TAB, 2013 WL 320673, at *1 (S.D. Ind. Jan. 28, 2013) (*citing Bielanski v. Cnty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008)). Pleadings must provide "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citations omitted). Pleadings consisting of mere conclusions, including legal conclusions couched as factual allegations, are not entitled to an assumption of truth. *Panwar*, 2013 WL 320673 at *1 (citations omitted).

### III.     Discussion

The tort of abuse of process is governed by Indiana law which requires: 1) ulterior motive, and 2) a willful act in the use of process not proper in the regular conduct of the proceeding. *Reichhart v. City of New Haven*, 674 N.E.2d 27, 30 (Ind.Ct.App. 1996). "Abuse of process is a prime example in litigating in bad faith." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 626 F.3d 958 (7th Cir. 2010). It "is a prime example in litigating in bad faith." *Nightingale Home Healthcare, Inc. v. Anodyne Therapy*, LLC, 626 F.3d 958 (7th Cir. 2010). "A suit can be wrongful even if it is not groundless, if the aim is something other than a judgment, such as bankrupting the defendant or destroying his reputation or distracting him from his other pursuits or simply immiserating him." *West v. West*, 694 F.3d 904, 906 (7th Cir. 2012). However, "[a] party is not liable if the legal process has been used to accomplish an outcome that it was designed to accomplish." *Konecranes v. Davis*, No. 1:12-cv-01700-JMS-MJD, 2013 WL 5701046, at *5 (S.D. Ind. Oct. 18, 2013) (citations omitted). Thus, the starting point of inquiry is not motive or intent, but whether the counter-defendant used an improper process to accomplish a goal other than that which the law was designed to accomplish. *Id*. *Panwar*, 2013 WL 320673 at *2; *Reichhart*, 674 N.E.2d at 30. "'Process' means the procedures incident to litigation." *Brooks v. Harding*, No. IP98-1200-C-T/G, 2001 WL 548098, at *7 (S.D. Ind. March 30, 2001)

(*citing Reichhart*, 674 N.E.2d at 31). In other words, "process" means the "use of judicial machinery" by which a litigant undertakes action in pursuing a legal claim. *Id*. "The test of an improper process is whether the legal steps were procedurally and substantively proper under the circumstances." *City of New Haven v. Reichhart*, 748 N.E.2d 374 (Ind. 2001).

Singh has failed to articulate in his counterclaim any facts that Plaintiff used an improper process to accomplish a goal not intended by the Copyright Act. The Copyright Act is intended, not only for a Plaintiff to obtain damages for infringement, but to deter the infringers and other potential infringers from infringing on copyrighted works. *F.W. Woolworth Co. v. Contemporary Arts*, 344 U.S. 228, 231-33 (1952); *F.E.L. Publications, Ltd. v. Catholic Bishop of Chicago*, 754 F.2d 216, 219 (7th Cir. 1985). Singh does not allege any conduct on behalf of the Plaintiff that does not serve this end.

Singh first asserts that "Plaintiff elected not to serve takedown notices [pursuant to the Digital Millennium Copyright Act of 1998, 17 U.S.C. § 101 et seq. ("DCMA")] that would have resulted in the removal of its movies from the torrent sites, and, rather than to target the online service providers . . . Plaintiff elected to target the individuals who happen to visit those online sites from their home computers." [Dkt. 45 at 9.] Assuming this allegation is true – which Plaintiff asserts is not – nowhere in the Copyright Act or the DCMA does it require a Plaintiff to first issue takedown notices prior to commencing a lawsuit against alleged infringers. At most, this accusation, if proven, would be an argument for mitigation of damages, not abuse of process.

The next allegation is that

> once Plaintiff identifies the individual to whom the IP address is registered, Plaintiff does not seek a commitment from that individual to delete copyrighted material or to cease accessing copyrighted material in the future; rather, Plaintiff rushes to the courthouse to file suit and seek a quick settlement in exchange for not dragging him or her through a public lawsuit involving pornography.

4

[*Id*. at 10.] First, this is not a factual assertion; it is speculative and fails to provide any facts specific to this case. Second, the facts of the present case appear to contradict that argument. Plaintiff had to obtain leave from the Court to subpoena the ISPs in order to obtain the identity of the alleged infringers. Fed. R. Civ. P. 45. After the Court found good cause for the third party subpoenas, the Court then ordered Plaintiff to refrain from communicating with potential defendants, including Mr. Singh. [Dkt. 10.] Thus, Plaintiff did not have a choice to "seek a commitment from the individual to delete copyrighted material" prior to naming Singh in the present suit. The Court also ordered Plaintiff to name the potential defendants as a procedural safeguard to prevent such abuse of process that Singh seeks to claim. [*Id*.] If Singh's claim could survive based on the fact that Plaintiff did not seek a commitment from Singh to delete the material and never access it again, then all defendants would succeed in abuse of process claims alleging that plaintiffs did not seek an apology and/or ask that they never do it again.

Singh's next allegation is that "[a] large part of Plaintiff's business model is to bait the Internet with its copyrighted material and then to search out potential targets for copyright infringement litigation. For those unfortunate individuals, a prompt settlement is a lesser of evils, even if they are innocent." [Dkt. 45 at 10.] Again, this is not a factual assertion specific to this case, but a mere generalization for which Singh does not point to any facts to support this theory.

Singh argues that it was improper for Plaintiff to issue a summons to the owners of the IP addresses after the ISPs complied with the subpoena. Specifically, Singh argues that the "[l]egal process, and particularly a summons, is not designed as a tool to help a plaintiff identify the appropriate person to sue or to 'narrow the field' of potential defendants." [Dkt. 50 at 3.] Singh does not cite to any legal authority to support this position. To the contrary, the Court is convinced that such tactic may lead to the discovery of the real party in interest, if someone other

than the named Defendant. [*See* Dkt 8; *see also Patrick Collins, Inc. v. John Does 1-9*, No. 12-cv-3161, 2012 WL 4321718, *4 (C.D. Ill. September 18, 2012) (finding subpoenas to be a proper method of discovery to obtain identity of infringer); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241 (N.D. Ill. 2011) (same).] However, in this case, the Court halted any further attempt for Plaintiff to communicate with the owners of the IP addresses until after they were named in the suit. [Dkt. 10 at 2-3.] This was done to protect judicial integrity and to prevent the very abuse of process for which Singh now claims. Since that order, Plaintiff has complied and Singh points to no instance where Plaintiff did not follow the Court's order and/or procedure.

Finally, Singh ends his counterclaim with a recitation of the elements based upon barebones accusations. As Singh has not alleged any facts to support improper use of process, Singh's abuse of process claim must fail.

Singh also has not alleged any facts to establish an ulterior motive. Singh suggests that Plaintiff is using the litigation process to achieve an illegitimate end. However, the illegitimate end that Singh suggests is settlement, which is very much a legitimate purpose. *See Metro. Hous. Dev. Corp. v. Vill. Of Arlington Heights*, 616 F.2d 1006, 1013 (7th Cir. 1980) ("The law generally favors and encourages settlements.") (citations omitted); *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981) ("The purpose of Rule 68 is to encourage the settlement of litigation."). While Singh suggests that Plaintiff is using the threat of litigation to coerce a settlement, the Court's Order setting up procedural safeguards has eliminated that threat and Singh fails to suggest otherwise. In fact, Singh does not mention the Court's order in support of its abuse of process claim. To the contrary, Singh argues in its response brief that "[t]he Court did not direct Plaintiff to curtail its investigation upon receiving the results of the subpoena, or to immediately sue the registrant of the IP address for copyright infringement." [Dkt. 50 at 5.]

Singh obviously overlooked the Court's January 23, 2013 Order [Dkt. 10] detailed above. More importantly, Singh does not provide any instance where Plaintiff has attempted to coerce Singh into a settlement other than the natural result inherent in filing the suit itself.

### IV. Conclusion

As Defendant has failed to provide sufficient facts to support a claim for abuse of process, the Magistrate Judge recommends **GRANTING** Plaintiff's Motion to Dismiss Defendant Shiv Singh's Amended Counterclaim [Dkt. 46] without prejudice. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 11/06/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

MATTHEW HARDEN
303 N. Tyrone Dr.
Muncie, IN 47304

Amie Peele Carter
BAKER & DANIELS - Indianapolis
amie.peelecarter@FaegreBD.com

Trenton B. Morton
FAEGRE BAKER DANIELS LLP - Fort Wayne
111 East Wayne Street
Suite 800
Fort Wayne, IN 46802

Tony H. Abbott
FOLEY & ABBOTT
tabbott@foleyandabbott.com

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

John Michael Bradshaw
OVERHAUSER LAW OFFICES, LLC
jbradshaw@overhauser.com